UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MIGUEL RODRIGUEZ,

                         Plaintiff,                     **COMPLAINT**

  -against-

                                                        **JURY TRIAL DEMANDED**

SERGEANT P. SHANAGHER, CORRECTION
OFFICER EBERWEIN, CORRECTION OFFICER R.
FAISON, CORRECTION OFFICER T. FRANCIS,
CORRECTION OFFICER LORDO, CORRECTION
OFFICER D. MOWATT, CORRECTION OFFICER
J. O'FARRELL, OF THE DOWNSTATE CORRECTIONAL
FACILITY, all sued herein in their individual
capacities,

                         Defendant(s).
------------------------------------------------------------------X

      Plaintiff, complaining of the defendants, by his attorneys, THE LAW OFFICE OF FRED LICHTMACHER PC, respectfully shows to this Court and alleges:

## JURISDICTION

1      This action arises under 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

2      Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a) (3) and (4).

3      Under 28 U.S.C. §1391(b)(2), venue is proper in the Southern District of New York because events forming the basis of the Complaint occurred in that District.

4      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges and immunities secured to plaintiff by the Eighth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment and brought pursuant to 42 U.S.C. § 1983.

5	Plaintiff has exhausted his administrative remedies as required pursuant to the Prison Litigation Reform Act.

**PARTIES**

6	That plaintiff, MIGUEL RODRIGUEZ was, at all times relevant, incarcerated at the Downstate Correctional Facility in Fishkill, New York.

7	That at all times hereinafter mentioned, defendants SERGEANT P. SHANAGHER, CORRECTION OFFICER EBERWEIN, CORRECTION OFFICER R. FAISON, CORRECTION OFFICER T. FRANCIS, CORRECTION OFFICER LORDO, CORRECTION OFFICER D. MOWATT, CORRECTION OFFICER J. O'FARRELL, were employed by the New York State Department of Corrections and were acting in their capacities as state actors acting under color of law and that this action is brought against the defendants in their individual capacities.

8	This action arises under the United States Constitution , particularly under provisions of the Eighth Amendment to the United States Constitution , and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

9	Each and all of the acts of defendants alleged herein were done by defendants, acting as state actors under the color of law.

**STATEMENT OF FACTS**

10	On November 17th, 2013, plaintiff was beaten by defendants SERGEANT P. SHANAGHER, CORRECTION OFFICER EBERWEIN, CORRECTION OFFICER R. FAISON, CORRECTION OFFICER T. FRANCIS, CORRECTION OFFICER LORDO, CORRECTION OFFICER D. MOWATT, and CORRECTION OFFICER J. O'FARRELL, suffering injuries to his head, neck, shoulder, back, abdominal area, ribs, ear and foot.

11      At approximately 4:30 pm, plaintiff MIGUEL RODRIGUEZ and defendant T. FRANCIS engaged in a short verbal disagreement regarding plaintiff's request to make a phone call.

12      After the discussion concluded, plaintiff remained in his cell and slept until 8:00 pm.

13      At approximately 8:00 pm, defendants FAISON, FRANCIS, and O'FARRELL arrived at plaintiff's cell, allegedly to escort him to receive medication.

14      Instead of following normal procedures for a pat and frisk, defendant FRANCIS struck plaintiff in the head with a closed fist after plaintiff had assumed the normal frisk position against the wall of his cell.

15      After striking plaintiff in the head, defendant FRANCIS mocked plaintiff by calling him a "tough guy."

16      Defendant FRANCIS then twisted plaintiff's left arm behind his back, causing plaintiff to cry out in extreme pain.

17      Plaintiff was then thrown to the ground by defendant FAISON.

18      Once plaintiff was on ground, defendants FAISON, FRANCIS, and O'FARRELL brutally hit plaintiff on the head, face, neck, and back, using not only their fists, but their batons as well.

19      Eventually, after defendants FAISON, FRANCIS, and O'FARRELL manually restrained plaintiff both with handcuffs and by subduing plaintiff's legs, defendant SHANAGHER arrived and jumped on plaintiff's back, breaking his ribs in the process.

20      Along with the broken ribs, plaintiff received numerous additional injuries as a result of defendants' actions, including heavy bruising to his head, neck, shoulder, back, and abdominal region as well as other injuries to his head and face.

21      In a signed statement addressed to defendant SHANAGHER, defendant FRANCIS admits to striking plaintiff in the back of the head with his baton.

22      CORRECTION OFFICER D. MOWATT grabbed plaintiff and slammed him into the wall face

first, breaking plaintiff's nose in three different places.

23     CORRECTION OFFICER LORDO then choked plaintiff and dragged him through the hallway to the hospital unit.

24     CORRECTION OFFICER EBERWEIN abused plaintiff while he was awaiting medical attention in the hospital unit by hitting plaintiff in the back of his head and striking him in the throat.

25     Defendant LORDO looked on as defendants EBERWEIN and MOWATT abused plaintiff before he received medical attention.

30     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Eighth Amendment to the United States Constitution, specifically, plaintiff's right to be free from cruel and unusual punishment.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT VIA INFLICTING CRUEL AND UNUSUAL PUNISHMENT VIA A BEATING

26      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27     That plaintiff's rights have been violated under the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, in that defendant Correction Officers subjected him to cruel and unusual punishment via subjecting him to excessive force.

28     The use of force used by defendants was excessive and applied maliciously and sadistically for the very purpose of causing harm, and was not a good faith effort to achieve a legitimate law enforcement purpose, such as to maintain order in the prison.

29     As a direct result of defendants having beaten plaintiff, he was harmed physically, needed

medical attention, and was subjected to unnecessary physical pain and suffering and was otherwise harmed.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT VIA FAILURE TO INTERVENE AGAINST ON-LOOKING CORRECTION OFFICERS

30   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31   That plaintiff's rights have been violated under the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, in that defendants subjected him to cruel and unusual punishment via their failure to intervene to prevent the use of excessive force by other Correction Officers.

32   Correction Officers who were present for and in a position to prevent the ongoing violation of plaintiff's rights and who failed to intervene to do so, are liable to plaintiff for the preventable harms he incurred while they failed to act.

33   As a direct result of the excessive force and the failure to intervene by on-looking correction officers, plaintiff was harmed physically,  needed medical attention, incurred numerous physical injuries including but not limited to broken bones and loss of bodily function  and was subjected to extreme physical pain anxiety, and he was otherwise harmed.

**WHEREFORE**, plaintiff demands judgment against defendants, as follows:

   1.   As to the First Cause of Action on behalf of plaintiff, an indeterminate sum of not less than ONE MILLION ($1,000,000.00) DOLLARS an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

;

      2.    As to the Second Cause of Action on behalf of plaintiff, an indeterminate sum of not less than ONE MILLION ($1,000,000.00) DOLLARS AND an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

      3.    As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
November 17, 2016

                              The Law Office of Fred Lichtmacher, P.C.
                                Attorneys for Plaintiff
                              116 West 23rd Street Suite 500
                              New York, New York 10011
                              (212) 922-9066

                              /s/
                              By: Fred Lichtmacher